### *In Re George Hildebrand.

**Police Court Jurisdiction in Misdemeanors Limited to that of Justice of the Peace, Requires Jury Waiver for Final Judgment.**

> A police court, being limited by Gen. Code 4577 to the same jurisdiction in misdemeanor cases as a justice of the peace, can not enter final judgment, without the intervention of a jury, against one charged with a misdemeanor, unless during the examination he has signed a waiver in writing of a jury in his case, as provided by Gen. Code 13511.

Error to common pleas court.

*B. C. Fox*, for plaintiff in error.

*Robert A. Black*, for defendant in error.

**SMITH, P. J.**

Gen. Code 4577, provides:

"The police court shall have jurisdiction of, and to hear, finally determine, and to impose the prescribed penalty for, any offense under any ordinance of the city and of any misdemeanor committed within the limits of the city, or within four miles thereof. The jurisdiction of such court to make inquiry in criminal cases shall be the same as that of a justice of the peace. Cases in which the accused is entitled to a jury trial, shall be so tried unless a jury be waived."

Gen. Code 13511, provides as follows:

"When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed and that there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance at the proper time and before the

---

*Affirming a similar holding in the case of **Zacharow, In re**, 57 Bull. 285.

Hildebrand, In re.

proper court; otherwise he shall discharge him from custody. If the offense charged is a misdemeanor and the accused, in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

It is apparent from the above two sections that the jurisdiction of the police court in misdemeanors is the same as that of a justice of the peace.

Before a justice of the peace can render final judgment against one charged with a misdeameanor without the intervention of a jury, the one so charged must waive in writing, signed by him, and filed before or during the examination, a jury, and submit to be tried by the justice.

In the record of the case before us, it does not affirmatively appear that at the trial of the cause a jury was waived in writing as required by law, and therefore the police court acting as the magistrate, and in so acting having only the jurisdiction conferred upon magistrates, had no power to enter final judgment committing the petitioner to prison. Being without jurisdiction his judgment was void.

The judgment of the court below is therefore affirmed.

**Swing** and **Jones, JJ.,** concur.